# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE BLACK,<br><br>                           Plaintiff,<br><br>v.<br><br>CHERIE WRIGLEY, MELISSA COHENSON, BRIAN A. RAPHAN, P.C., and PAMELA KERR,<br><br>                           Defendants. | Case No.: 18-CV-2367 GPC-BGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO QUASH NON-PARTY SUBPOENA; AND**<br><br>**2) ISSUING ORDER TO SHOW CAUSE RE: SANCTIONS**<br><br>*Underlying action pending in the Northern District of Illinois:*<br>1:17-cv-00101 |

      On October 12, 2018, nonparty Anthony J. Dain, Esq. ("Dain" or "movant") moved to quash a subpoena, issued under Federal Rule of Civil Procedure 45, by Katherine Black in the matter of *Katherine Black v Cherie Wrigley, Melissa Cohenson, Brian A. Raphan, P.C., and Pamela Kerr*, Case No. 1:17-cv-00101 (N.D. Ill.). (ECF 1) On October 26, 2018, this Court issued a briefing schedule as to the substantive issues raised in the motion as well as the issue of whether this Court should transfer the motion to the federal district court presiding over the underlying action pursuant to Rule 45(f). (ECF 3) Plaintiff Black did not file any opposition by November 9, 2018 as directed. On November 16, 2018, Dain filed a reply. (ECF 5)  In his Motion to Quash, the movant sought a transfer of this motion to the Northern District of Illinois as alternative relief.

1

However, in his Reply he changed his position and requested that the Court not transfer the motion so as not to impose further burden on him. As discussed below, this Court does not find that exceptional circumstances exist warranting a transfer under Rule 45(f) and the Court grant's Dain's motion to quash the subpoena. The Court also issues an Order to Show Cause regarding sanctions.

## BACKGROUND

The subpoena that is the subject of this motion was issued from the Northern District of Illinois in the underlying case, in which Plaintiff Black seeks damages for defamation and intentional infliction of emotional distress. The subpoena was served by Plaintiff's then-attorney, Michael Schaalman, who was later terminated from the underlying case on January 17, 2019 (N.D. Ill. ECF 249) when the court granted his motion to be relieved as counsel. (N.D. Ill. ECF 245)

Movant Dain is the brother of Defendant Cherie Wrigley in the underlying action, and he is an attorney and partner at the law firm Procopio, Cory, Hargreaves and Savitch LLP in San Diego. Dain is representing himself on this motion.

Dain asserts in his moving papers that on September 14, 2018, the cutoff date for discovery in the underlying action, at 5:00 p.m. he received an email from Schaalman which included what Schaalman referred to as a "second subpoena" for the production of documents. Dain states that attached to the email was a subpoena issued from the Northern District of Illinois which failed to include a date and time for the production of documents – that portion having been left blank – commanded Dain to produce the documents at Schaalman's office in Milwaukee, Wisconsin, and requested the production of documents that Dain contends are extremely broad and not reasonably calculated to lead to discoverable information in the underlying case. Dain goes on to provide that Schaalman had previously served him with a subpoena in the underlying case, to which he had responded and sat for a deposition on September 6, 2014 in San Diego. He contends there was no discussion during the deposition indicating that Schaalman would be seeking additional documents or serving an additional subpoena.

In response to the subpoena he received by email, Dain states that he replied to Schaalman, asking him to provide the authority he had to serve a non-party with a subpoena by email on the closing date of fact discovery and stating that he would not want to file a motion for a protective order and sanctions in this Court if he was wrong and Schaalman did have such authority. Schaalman did not respond to that email. Dain states that he emailed Schaalman again on September 17, 2018, repeating his request that Schaalman supply any authority he had to email the subpoena on the closing date of discovery, and advising him that absent such authority, "I must file a motion for protective order and will seek sanctions in that regard." In response to that email, Schaalman responded to Dain with only, "You should have received your subpoena today."

The following day, Dain states that his law firm's office of General Counsel was personally served with the subpoena, despite that it was meant for Dain personally and Schaalman knows his home address because he has served him there before. Dain emailed Schaalman twice on September 17, 2018, inquiring whether Schaalman had any authority to serve the subpoena after the close of discovery or if the cutoff date was extended, and later advising that he had checked the docket in the underlying case and discovered that the cutoff date had in fact not been extended. Schaalman did not respond to Dain's emails. After receiving the personally served subpoena, Dain emailed Schaalman again on September 19, 2018, informing him that the personal service on Dain's law firm was an abuse of process and harassment, and that he should have canceled personal service upon receiving Dain's email on September 14 questioning the propriety of the subpoena. This email set forth in detail the reasons the subpoena was improper pursuant to Federal Rule of Civil Procedure 45, and ended with the following:

> "In spite of my admonitions and request that you correct me if I was misunderstanding the facts or law, you gave no substantive response and only partially responded to one of my inquiries. Thus any attempt to further meet and confer would be futile. In addition, given that I am a non-party, and this will likely require the initiation of a limited new action, I do not believe that I need to do

anything else prior to my filing a Motion to Quash seeking sanctions for your abuse of process. I believe this is an issue that must be brought to the attention of the Court as I believe I am not the only person against whom you have perpetrated such an unethical act. Again, feel free to correct me if I am wrong."

Dain states that he never received a response to that email, nor did Schaalman attempt to correct or explain his behavior. The above-referenced emails and the subject subpoena are attached as exhibits to Dain's motion to quash. Dain also filed Proof of Service upon Schaalman of the motion to quash, this Court's Order Setting Briefing Schedule dated October 26, 2018 and his reply papers.

## MOVANT'S CONTENTIONS

Dain argues that the subpoena should be quashed because it is improper under both the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Illinois. First, Dain points out that the discovery cutoff date in the underlying case was September 14, 2018. (N.D. Ill. ECF 164) Pursuant to Northern District of Illinois Local Rule 16.1(4), discovery must be completed before the discovery closing date.

Second, Dain argues that the subpoena violates Fed. R. Civ. P. 45(a)(1)(A)(iii) – which requires it to state a "specified time and place" to produce the designated documents – because the date and time space was left blank on the subpoena at issue here. Dain contends that this requirement is mandatory and therefore the subpoena is facially invalid. He further avers that because the subpoena commands production at Schaalman's law firm in Milwaukee, it violates Fed. R. Civ. P. 45(c)(2)(A) which requires the production of documents at a place within 100 miles of where the person resides, is employed or regularly transacts business in person. Thus, he argues, a subpoena issued by a federal court may not be served upon a nonparty for the production of documents located outside the geographic boundaries specified in Rule 45.

Lastly, Dain asserts that the subpoena is unduly burdensome since it seeks categories of documents over an excessive period that are unrelated to the underlying lawsuit at issue but rather related to other cases in New York and Colorado.

In addition to an order quashing the subpoena, Dain also seeks an award of sanctions against Plaintiff Black and Attorney Schaalman pursuant to Fed. R. Civ. P. 45(d)(1) for their abuse of the discovery process. Dain contends that contrary to the mandate of Rule 45(d)(1), Plaintiff and her attorney failed to take reasonable steps to avoid imposing undue burden or expense on him and rather actively took steps to impose undue burden and expense on him with their actions. He asserts that Mr. Schaalman, having practiced as a litigator for more than 30 years, should have known that the subpoena was improper for the reasons set forth above. Moreover, when Dain warned Schaalman that the subpoena was improper, instead of withdrawing it Schaalman proceeded to have it personally served on Dain's law firm.

Dain adds that throughout Schaalman's legal career, he has been admonished and sanctioned in two published opinions. In the first, in 1980, Schaalman was held in contempt and sanctioned $50 for failing to turn over evidence in an Illinois state case. *See Consolidation Coal Co. v Bucyrus-Erie Co.*, (1980) 93 Ill. App.3d 35, 37 (vacated and remanded on other grounds by *Consolidation Coal Co. v. Bucyrus-Erie Co.,* 89 Ill. 2d 103 [1982]). In the second published opinion, in 2013, Schaalman was jointly and severally sanctioned by a Mississippi state court in the amount of $1,560,000 for his intentional discovery violations, which ruling was affirmed by the Mississippi Supreme Court. *See Eaton Corporation LLC v Frisby LLC*, (2013) 133 So.3d 735, 759. Dain provides copies of these opinions as exhibits to his motion.

Dain argues that "when a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense[,]'" (*CareToLive v. von Eschenbach*, No. 2:07-CV-729, 2008 WL 552431, at 3 [S.D. Ohio Feb. 26, 2008]), and therefore Black and Schaalman should be sanctioned for the amount of time he spent responding to the subpoena at his present hourly rate of $975. Dain provides that he has been practicing law for 38 years, is presently the team leader of the Intellectual Property Litigation Team at his law firm, is a federally certified patent lawyer and state certified appellate specialist with a very busy practice. He states that he was forced to take critical

5

time away from his practice to research and prepare the instant motion, which totaled 12.9 hours. Including the filing fee of $400 and the service fee of $300, Dain requests a total sanction in the amount of $13,277.50.

In his reply papers, Dain provides that he spent an additional 2.1 hours drafting the reply. Thus, he revises his request for sanctions to the total amount of $15,025.

## DISCUSSION

**Transfer of the Motion**

"Significant changes were made to Rule 45 through the 2013 amendments, which went into effect on December 1, 2013." *Agincourt Gaming, LLC v. Zynga, Inc.,* No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at 2 (D. Nev. Aug. 15, 2014)(citation omitted). The amended version of Rule 45 requires that subpoenas be issued from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). Subdivision (f) was also added to Rule 45 such that if compliance is required elsewhere, the compliance court may "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee notes provide some guidance as to when exceptional circumstances may be found:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P 45(f) advisory committee's note.

Here, while Movant Dain initially sought as alternative relief transfer to the Northern District of Illinois, in his Reply papers he revokes his consent to transfer,

6

arguing that a transfer would only reward Plaintiff and her counsel's actions by allowing them to appear in court close to their home and/or place of employment while he would be forced to travel to Chicago for any hearings on the motion. Since there is no longer consent, this Court only has discretion to transfer the motion to the issuing court upon a finding of exceptional circumstances. Fed. R. Civ. P 45(f). When the issuing court has already ruled on issues presented by a subpoena related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court. *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014); *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 45-46 (D.D.C. 2014).

Other courts have found exceptional circumstances existed warranting transferring subpoena related motions to quash when transferring the matter is in "the interests of judicial economy and avoiding inconsistent results." *FTC v. A+ Fin. Ctr., LLC*, No. 1:13–mc–50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013); *see also 3B Medical, Inc. v. Resmed Corp.*, Case No. 16CV2050 AJB (JMA), 2016 WL 6818953, at *3 (S.D. Cal. October 11, 2016); *Cellular Commc'ns Equip., LLC v. HTC Corp.*, Case No. 15CV2373 JAH (MDD), 2015 WL 12570944, at * 2 (S.D. Cal. December 16, 2015).

This Court does not find that exceptional circumstances exist here warranting a transfer of this motion and further delay to resolution of the issue. A review of the docket in the underlying case reveals that Schaalman is no longer representing Plaintiff in that case so he will no longer be appearing before that court, and it does not appear that the Northern District of Illinois has previously dealt with these same issues in that case. Moreover, for the reasons set forth in further detail below, the subpoena at issue here is invalid on its face and must be quashed. In any event, the Plaintiff did not even bother to submit opposition to the motion as directed, which may constitute consent to granting the motion per this Court's Local Rules. See CivLR 7.1(f)(3)(c).

**Motion to Quash**

Rule 45 provides that the court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the

geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. *See* Rule 45(d)(3)(A).

Rule 45 further provides that every subpoena must state the court from which it issued, the title of the action and its civil-action number, command each person to whom it is directed to do the following at a specified time and place, and set out the text of Rule 45(d) and (e). *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). Here, the subpoena at issue specifies a place for the production of documents – the law firm of Halling & Cayo, S.C. in Milwaukee, WI – but it fails to specify a date or time for the production. That space on the form was simply left blank. Since the date and time for production is mandatory, the subpoena is facially invalid. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii), *see also WH Holdings, LLC, v. Ace Am. Ins. Co.*, No. 09C7133, 2010 WL 3732149, at 5 (N.D. Ill. Sept. 17, 2010)("The failure of the subpoena served upon Buck to identify the Court from which it purportedly issued renders it facially invalid under Federal Rule of Civil Procedure 45(a)(1)(A)(ii). The rule is phrased in mandatory terms, and does not provide for any exceptions"). Similar to identifying the court from which the subpoena issued, specifying the date and time for production of documents is also mandatory as set forth by the Rule.

Additionally, Rule 45 provides that a subpoena may command the production of documents at a place within 100 miles of where the person resides, is employed or regularly transacts business. See Fed. R. Civ. P. 45(c)(2)(A). Here, the subpoena was served upon Dain in San Diego, where he resides and works, and commanded production in Milwaukee, more than 100 miles away. Since Milwaukee is "beyond the geographical limits specified in Rule 45(c)," the subpoena must be quashed. Fed. R. Civ. P. 45(d)(3)(A)(ii), *Raap v. Brier & Thorn, Inc.,* No. 17-MC-3001, 2017 WL 2462823, at 3 (C.D. Ill. July 7, 2017)(subpoena issued from District Court for the Eastern District of Wisconsin directing third party located in Springfield, Illinois to produce documents in Madison, Wisconsin was quashed because Madison was more than 100 miles from where third party was located or regularly transacted business).

8

18-CV-2367 GPC-BGS

In addition, even if the subpoena had included a date and time for compliance and required production within the geographical limits, it is subject to being quashed because it failed to allow Dain a reasonable time to comply. The subpoena was served by email on the cutoff date for discovery and was not personally served until after that date had passed, thus Dain could not have complied within any reasonable time. A review of the docket for the underlying case reveals that the discovery cutoff date was extended to September 14, 2018 (N.D. Ill. ECF 164). Schaalman emailed the subpoena to Dain on that date, and then effected personal service on Dain's law firm a few days later. The Local Rules for the Northern District of Illinois provide that:

> "In cases subject to this Standing Order, the court will, at an appropriate point, set a discovery closing date. Except to the extent specified by the court on motion of either party, discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order." Northern District of Illinois Local Rule 16.1(4).

The Local Rule cited above plainly states that if a discovery request cannot be completed by the discovery closing date, then it does not comply with that court's Standing Order Establishing Pretrial Procedure. *See generally* Northern District of Illinois Local Rule 16.1. The service of the subpoena here violated Fed. R. Civ. P. 45(d)(3)(A)(i) in that it failed to allow Dain a reasonable time to comply and therefore it must be quashed. *See City of Pomona v. Cont'l Ins. Co.,* No. CV077703ODWPLAX, 2008 WL 11343060, at 1 (C.D. Cal. Dec. 17, 2008)("by issuing the subpoena only three days in advance of the date of the document production, Zurich failed to comply with Rule 45(c)(3)(A)(i) by not allowing RMKB a reasonable time to comply…the subpoena is not timely because the date proposed for Clarke's deposition, December 22, 2008, is the same date the District Judge specified as the discovery deadline in this matter.").

For the foregoing reasons, Dain's motion to quash the subpoena is **GRANTED**.

///

///

**Request for Sanctions**

Rule 45 states that a party or attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Rule 45(d)(1), *see Mount Hope Church v. Bash Back!*, 705 F.3d 418 (9th Cir. 2012), *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,* 161 F.R.D. 86 (N.D. Cal. 1995).

Since the 2013 amendments, which moved and modified the provisions formerly in subdivision (c) to subdivision (d)[1], "the district where compliance is required" has been defined as the location of the subpoenaed person or entity, in keeping with Rule 45's purpose of protecting local nonparties and resolving disputes locally. *See Raap v. Brier & Thorn, Inc., supra, see also XTO Energy, Inc. v ATD, LLC*, No. 14-1021 JB/SCY, 2016 WL 1730171 at 20 (D.N.M. Apr. 1, 2016), *Agincourt Gaming, LLC v Zynga, Inc., supra* at 4. "The purpose of protecting nonparties is defeated if a party could demand compliance in a location more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person and still require the nonparty to adjudicate a dispute over that subpoena in a distant forum." *Raap v. Brier & Thorn, Inc., supra* at 3. "Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion. *See, e.g., KGK Jewelry LLC v. ESDNetwork,* 2014 WL 1199326, *3 (S.D.N.Y. Mar. 21, 2014)." *Agincourt Gaming, LLC v. Zynga, Inc., supra* at 3. Thus, this Court must enforce the duty to avoid imposing an undue burden and impose

---

[1] In contrast to the current version of subdivision (d), subdivision (c)(1) provided that "the issuing court must enforce" the duty to avoid imposing undue burden rather than "the court for the district where compliance is required."

an appropriate sanction.

Subdivision (c)(1), which had very similar language to the current subdivision (d)(1) cited above (see Fn. 1), was added to Rule 45 in 1991. The Advisory Committee Notes to that subdivision state:

> "Paragraph (c)(1) gives specific application to the principle stated in Rule 26(g) and specifies liability for earnings lost by a non-party witness as a result of a misuse of the subpoena. No change in existing law is thereby effected."

"Because Rule 45(c)(1) gives 'specific application' to Rule 26(g), it follows that a violation of any one of the Rule 26 duties will be relevant to assessing propriety of sanctions under Rule 45(c)(1)'s 'undue burden' language. This approach is consistent with the interpretation of other courts." *Mount Hope Church v. Bash Back!, supra* at 425, *citing Builders Ass'n of Greater Chi. v. City of Chi.,* 215 F.R.D. 550 (N.D. Ill. 2003).

Fed. R. Civ. P 26(g) provides that "Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented…By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry… with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

…(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an

appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g).

"Per the terms of Rule 26(g)(3), violation of any one of these duties without substantial justification results in sanctions." *Mount Hope Church v. Bash Back!*, *supra* at 425.

It has been held that "'[w]hen a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1).'" *CareToLive v. von Eschenbach*, *supra* at 3, *quoting Builders Ass'n of Greater Chicago v City of Chicago*, *supra* at 4 (N.D. Ill. May 13, 2002), *see also Molefi v Oppenheimer Trust*, Case No. 03-CV-5631(FB)(VVP), 2007 WL 538547 (E.D.N.Y. Feb. 15, 2007). Other courts have declined to follow that interpretation, finding that the mere fact that a subpoena was ultimately quashed does not, standing alone, require the imposition of sanctions (*see, eg, Alberts v. HCA Inc.,* 405 B.R. 498, 502–03 [D.D.C. 2009], *Scherer v. GE Capital Corp.,* 185 F.R.D. 351, 352 [D. Kan. 1999]), but "[a] court may, however, impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Legal Voice v. Stormans Inc.,* 738 F.3d 1178, 1185 (9th Cir. 2013), *citing Mount Hope Church v. Bash Back!*, *supra* at 425, 428, *Mattel Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 814 (9th Cir.2003). "Absent undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party, Rule 45(c)(1) sanctions are inappropriate." *Mount Hope Church v. Bash Back!*, *supra* at 429.

In determining whether to impose Rule 45 sanctions, the Court employs a two-step process by which it first determines whether the subpoena at issue imposed an undue burden and, if so, what, if any "reasonable steps" the party who served the subpoena took to avoid imposing such a burden. *Molefi v Oppenheimer Trust*, *supra* at 2. Similar to the instant matter, in *Molefi*, the court found that undue burden existed "by the mere fact that [the subpoenaed party], a non-party, had to, and did, expend time and money contesting a

patently frivolous and procedurally flawed subpoena…" *Id* at 3. Here, as discussed above the subpoena served by Attorney Schaalman was facially defective and procedurally flawed and despite Dain's efforts requesting that the subpoena be withdrawn, Schaalman ignored his requests and Dain was forced to expend time and money to prepare and file the instant motion. Thus, "[t]here can be little dispute then that the subpoenas here imposed an undue burden on [Dain]." *CareToLive v. von Eschenbach*, *supra* at 3.

This leads to the next prong of the analysis – what, if any reasonable steps Schaalman took to avoid imposing undue burden on Dain. As set forth above, despite repeated attempts by Dain to resolve the issue without resorting to litigation, Schaalman simply ignored him and proceeded with personal service of the facially defective subpoena. Thus, the Court finds that Schaalman took no reasonable steps to avoid imposing a burden on Dain. As found by the court in *Molefi*, it appears that "the whole point of the subpoena was to impose such a burden on [Dain]." *Id* at 3. Moreover, once Dain filed the motion and this Court issued a briefing schedule by order, Schaalman also ignored this Court's order and failed to even respond to the motion.

"Both the language of Rule 45(c)(1) and that of the Ninth Circuit in *C.B.S.* [*United States v. C.B.S.,* 666 F.2d 364, 371–72 (9th Cir.1982)] make it clear that sanctions are appropriate if the subpoenaing party fails to take reasonable steps to avoid imposing an undue burden on a third party." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995). Since "sanctions are properly imposed and attorneys' fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash," sanctions against Black and/or Schaalman appear to be appropriate in this case. *Night Hawk Ltd. v. Briarpatch Ltd., L.P.,* No. 03 CIV.1382 RWS, 2003 WL 23018833, at 9 (S.D.N.Y. Dec. 23, 2003).

"…[B]ad faith is a sufficient ground for sanction, but it is not a necessary ground if Rule 45(c)(1) is otherwise violated in good faith. Several district courts have similarly

13

held that bad faith is sufficient but not necessary for Rule 45(c)(1) sanctions." *Mount Hope Church v. Bash Back!, supra* at 428 (citing cases), *see also In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* No. 09-CV-01967 CW NC, 2012 WL 4846522, at 2 [N.D. Cal. Aug. 7, 2012]),

Reviewing the circumstantial evidence presented in the record, Black and Schaalman's actions in this matter raise the issue of bad faith. *See Kenney, Becker LLP v. Kenney*, No. 06 CIV. 2975 (JSR), 2008 WL 681452, at 3 (S.D.N.Y. Mar. 6, 2008), *adhered to on denial of reconsideration,* No. 06 CIV. 2975 (JSR), 2008 WL 1849544 (S.D.N.Y. Apr. 22, 2008)(bad faith found where non-party subpoena served from District Court in case that had been stayed pending arbitration for the appearance and production of documents at arbitration proceeding without prior notice to any party, the arbitrator or the court), *Auto. Inspection Servs., Inc. v. Flint Auto Auction, Inc.,* No. 06-15100, 2007 WL 3333016, at 5 (E.D. Mich. Nov. 9, 2007)(bad faith found where third-party subpoena issued without prior notice and in an attempt to gain access to potentially confidential information). However, the Court is not making a finding of bad faith at this time.

Schaalman's actions here also implicate Rule 26(g) in that the subject subpoena appears to have been imposed for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and was unreasonable and unduly burdensome. Fed. R. Civ. P. 26(g)(1)(B)(ii),(iii). As such, Dain may be entitled to an appropriate sanction which "may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3), *see R & R Sails Inc. v. Ins. Co. of State of PA,* 251 F.R.D. 520, 527 (S.D. Cal. 2008).

Rule 45(d)(1) requires this Court to impose an appropriate sanction on a party or attorney who fails to comply. Since neither Plaintiff Black nor Attorney Schaalman submitted opposition to Dain's motion, the Court will provide them with one last opportunity to be heard as to whether there was substantial justification for the subpoena, whether they acted in bad faith with respect to the subpoena, whether Black or Schaalman should be sanctioned for the improper subpoena and the failure to withdraw

14

same and whether the sanction should be apportioned between them in some way.

Based on the foregoing, Plaintiff Katherine Black and her former attorney, Michael H. Schaalman are hereby **ORDERED TO SHOW CAUSE** as to why an order imposing sanctions should not be entered against them for service of the improper subpoena upon non-party Anthony J. Dain and the failure to withdraw same. Black and Schaalman must address whether there was substantial justification for the subpoena, whether they acted in bad faith with respect to the subpoena, whether Black or Schaalman should be sanctioned for the improper subpoena and whether the sanction should be apportioned between them in some way. Black and Schaalman may also include any objections to Dain's request for sanctions in the amount indicated. Black and Schaalman shall each file a statement of no more than 10 pages outlining their respective positions by **May 17, 2019.** After that date, the Court will issue an order determining sanctions.

The Court acknowledges that Schaalman no longer represents Black in the underlying action, so service of this Order should be effectuated on Black through her current counsel. To ensure that both Black and Schaalman receive notice of this Order, the Clerk's office shall send copies of this Order by U.S. Mail to Katherine Black through her current counsel, Donald Lee Homyk, Law Offices of Donald L. Homyk, 6944 North Ionia Avenue, Chicago, IL 60646, and to Michael H. Schaalman, Halling & Cayo, S.C., 320 E. Buffalo Street, Suite 700, Milwaukee, WI 53202.

**IT IS SO ORDERED.**

Dated: April 26, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge