UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE BLACK,<br><br>Plaintiff,<br><br>v.<br><br>CHERIE WRIGLEY, MELISSA COHENSON, BRIAN A. RAPHAN, P.C., and PAMELA KERR,<br><br>Defendants. | Case No.: 18-CV-2367 GPC-BGS<br><br>**ORDER GRANTING SANCTIONS**<br><br>*Underlying action pending in the Northern District of Illinois:*<br>1:17-cv-00101 |

On October 12, 2018, nonparty Anthony J. Dain, Esq. ("Dain" or "movant") moved to quash a subpoena, issued under Federal Rule of Civil Procedure 45, by Katherine Black in the matter of *Katherine Black v Cherie Wrigley, Melissa Cohenson, Brian A. Raphan, P.C., and Pamela Kerr*, Case No. 1:17-cv-00101 (N.D. Ill.). (ECF 1) In his motion, Dain also requested that this Court impose sanctions against Black and her counsel, Michael H. Schaalman, Esq., for having served the improper subpoena. Dain, an attorney, is representing himself in this matter.

On October 26, 2018, this Court issued a briefing schedule as to the substantive issues raised in the motion as well as the issue of whether this Court should transfer the motion to the federal district court presiding over the underlying action pursuant to Rule 45(f). (ECF 3) Plaintiff Black did not file any opposition by November 9, 2018 as directed. On November 16, 2018, Dain filed a reply. (ECF 5)

1

By Order dated April 26, 2019 (ECF No. 7), this Court found that a transfer was not warranted under Rule 45(f) and granted Dain's motion to quash the subpoena pursuant to Fed. R. Civ. P. 45. This Court found that the subpoena was facially improper, beyond the geographical limits specified in Rule 45, and failed to allow Dain a reasonable time to comply. (*Id*. at 8-9) In the Order, the Court also found that "sanctions against Black and/or Schaalman appear to be appropriate in this case" (*Id*. at 13) and ordered Black and Schaalman to show cause "as to why an order imposing sanctions should not be entered against them for service of the improper subpoena upon non-party Anthony J. Dain and the failure to withdraw same. Black and Schaalman must address whether there was substantial justification for the subpoena, whether they acted in bad faith with respect to the subpoena, whether Black or Schaalman should be sanctioned for the improper subpoena and whether the sanction should be apportioned between them in some way. Black and Schaalman may also include any objections to Dain's request for sanctions in the amount indicated." (*Id*. at 15)

The Court directed Black and Schaalman to file statements outlining their respective positions by May 17, 2019, after which date the Court would issue an order determining sanctions. Black and Schaalman filed a joint response on May 17, 2019. (ECF No. 11) By Order dated May 23, 2019 (ECF No. 13), this Court directed Movant Dain to file any reply on or before June 7, 2019. Dain filed his reply on June 7, 2019. (ECF No. 14)

For the reasons set forth herein, Dain's request for sanctions is **GRANTED IN PART.**

The background of this matter was set forth in detail in the Court's prior Order, which is incorporated by reference herein. (*See* ECF No. 7)

**PARTIES' CONTENTIONS**

In their joint response, Black and Schaalman assert through their counsel, Sharan R. Abraham, Esq. of Roslyn Heights, NY that the subpoena at issue here was served with a proper justification, not in bad faith and that sanctions are not warranted. They

acknowledge that the service of the subpoena was untimely, but they contend that it was justified because Dain's production of documents and his privilege log in response to a prior subpoena "appeared to be incomplete." (ECF No. 11 at 1-2) Citing discrepancies between Dain's privilege log and those of other defendants in the underlying action pending in the Northern District of Illinois, Black and Schaalman allege that Dain failed to produce a letter responsive to the prior subpoena. They claim that when asked about the letter at his deposition in San Diego on September 6, 2018, Dain said that "if you have some evidence that I in fact sent [the letter] to [Wrigley], then I'll be happy to provide you with the draft." (*Id*. at 3)

Black and Schaalman go on to assert that they did not have "evidence" that proved Dain sent the letter, so they decided to send Dain another subpoena on September 14, 2018, the closing date of discovery, which was broader than the prior subpoena served in August 2018. They claim that this latest subpoena was meant to "capture or at least identify additional communications" with respect to discovery about the letter. (*Id*. at 4) Rather than challenging Dain's prior production, Black and Schaalman claim that they hoped Dain would recognize with the second (improper) subpoena that his prior production and disclosure needed supplementing. They add that they could have requested these same documents in another case pending in the Eastern District of New York, *Black et al v Dain et al*, 16-cv-1238, in which Dain is a party and fact discovery is still available, but they failed to do so. They concede that would have been the better procedure; but argue that this demonstrates they did not send the subpoena without justification or in bad faith. Black and Schaalman assert that they had a reasonable basis to believe that Dain had additional documents in his archive that he may have failed to produce. (*Id*. at 4-5)

Black and Schaalman argue that they should not be sanctioned for their service of and failure to withdraw the subpoena. Schaalman asserts through counsel that he understood Dain's email to be an objection per Fed. R. Civ. P. 45(d)(2)(B), and that once he and Black received the objections they had the option to either file a motion to compel

3

or let their subpoena lapse by failing to give notice of their intent to file a motion to compel. In support of this assertion, they cite Fed. R. Civ. P. 45(d)(2)(B)(i), which provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Black and Schaalman contend that Dain, an experienced litigator, knew that without a notice that they intended to move to compel, Dain had no obligation to comply with the subpoena. However, aside from reference to Rule 45, they do not cite authority for this claim.

Black and Schaalman go on to argue that in filing the motion to quash, it appears that Dain was more interested in attacking Schaalman's character than avoiding a response to the subpoena. With respect to the case cited by Dain in which Schaalman was found in contempt, they claim that under Illinois Circuit Court practice, appellate review of a discovery order was only available if counsel accepted a contempt order. Concerning the case in which Schaalman was sanctioned, they write that the case "involved the misconduct in an unrelated case of another co-counsel, Ed Peters, who had been the district attorney for Hinds County, Mississippi for decades, which unfortunately tainted perfectly appropriate conduct in the *Eaton* case." (*Id*. at 6-7)

Turning to Dain's damages, Black and Schaalman argue that any undue burden or expense Dain incurred was the result of his efforts to move to quash, "an exercise that Dain did not have to pursue," and not by searching for or producing additional documents. (*Id*. at 7) They deny that the personal service of the subpoena on the general counsel for Dain's firm caused them undue burden or expense because they "receive and send subpoenas on a regular basis…" (*Id*. at 7) Black and Schaalman admit that they regret serving the subpoena and should have served it earlier, but that Dain suffered no undue burden or expense except for filing the motion to quash. (*Id*. at 7-8)

With respect to the division of the sanction between Black and Schaalman, they state that "because Schaalman continues to represent Black, it would be inappropriate for either [of them] to suggest an allocation of any sanction. In practice, this Court's Order is

4

already a strong sanction and will remain as evidence of this Court's disapproval of the decision to serve the September 14 subpoena. Black and Schaalman need no further demonstration that their service of the subpoena was a mistake." (*Id*. at 8) They do not state in which capacity Black continues to represent Schaalman and they do not make any specific objections or comments to the amount of sanctions requested by Dain. They further fail to offer any explanation for their failure to withdraw the subpoena or submit any opposition to the motion to quash.

In Dain's reply, he asserts that Black and Schaalman provide no justification for their improper subpoena, legally, ethically or morally. He points out that they admitted they intentionally served a subpoena they knew was in violation of discovery rules. Dain argues that actions taken with substantial justification are those that are "justified to a degree that could satisfy a reasonable person" (*citing Pierce v Underwood*, 487 U.S. 552 [1988]), and no reasonable person would believe that an intentional violation of the discovery rules would be justified. (ECF No. 14 at 1-2)

Dain further contends that Black and Schaalman's purported reason for serving the improper subpoena was fabricated. He points out that even if their claim that they believed his response to the prior subpoena was incomplete, serving a subpoena in violation of the federal and local rules in response to that would "turn the law on its head [and] invite and encourage vigilante lawlessness in the discovery process." (*Id*. at 2) Dain avers that the only response to a perception that discovery is incomplete is to meet and confer and then seek court intervention if that is unsuccessful. He notes that Black and Schaalman failed to seek leave from the Court to violate the scheduling order. Further, he argues, there is no substantial justification for their failure to withdraw the improper subpoena after multiple explanations why it was invalid and then proceeding to have the subpoena personally served after receiving those explanations from Dain. (*Id*. at 3)

Dain submits as an exhibit a copy of a nearly identical subpoena to the one at issue here that was sent by email from Schaalman to Bartholomew Russo, Esq., the court

5

evaluator for the related New York State court proceeding, on the same day, September 14, 2018 at 5:46 p.m. He points out that this subpoena was the first issued to Russo so Black and Schaalman cannot claim that it was the result of a prior incomplete production. This subpoena issued to Russo similarly left the date and time for production blank and commanded production at Schaalman's Milwaukee office. Dain argues that this second defective, untimely subpoena served on the same day around the same time as the one sent to him belies Black and Schaalman's claims that it was the result of an inadequate production and demonstrates that it was part of a strategic plan. He further claims that their failure to inform the Court that they served this second subpoena elevates their conduct from lacking substantial justification to bad faith, warranting sanctions. (*Id*. at 3-4)

      Dain additionally denies that he made demands before agreeing to further search for a draft letter that Schaalman asked about at his deposition. He attaches additional portions of the deposition transcript that demonstrate that he said he had "no problem" searching for the draft letter and later in the deposition that he would "definitely go back and look for those and expand the search" and would let Schaalman know whether he would produce it. (*Id*. at 4-5) Dain further cites a recent exchange on the record before the District Court for the Northern District of Illinois on November 28, 2018 in which Judge Matthew F. Kennelly stated that Schaalman had lied to him about whether Ms. Black had provided a complete authorization for her medical records requested in discovery. (*Id*. at 5) The transcript from this proceeding was submitted with Dain's supplemental reply papers. (ECF No. 6-1) Countering Black and Schaalman's characterization of the two cases in which Schaalman was found in contempt and sanctioned, Dain argues that the cases are clear in that Schaalman was found to have concealed and misrepresented an agreement he and his client made to unlawfully compensate a fact witness, and he was found in contempt for discovery violations.

      Dain additionally notes that Black and Schaalman failed to even address this Court's query as to whether they should be sanctioned for failing to withdraw the

subpoena at issue. He disputes their claim that once they received Dain's objections they had the option to file a motion to compel or let the subpoena lapse because the subpoena was defective and any motion to compel would have been brought in bad faith, and the subpoena provided no specific time to respond so there was no time that it would have lapsed. He contends it would have been absurd for him to sit silent with the "hammer of a motion to compel hanging over his head 'unless and until Black and Schaalman notified him of their intent to file a motion to compel.'" (*Id*. at 7) Furthermore, he points out that he advised them he would be filing a motion to quash and they still failed to withdraw the subpoena. Dain argues that Black and Schaalman's failure to address whether they should be sanctioned for not withdrawing the subpoena despite this Court directing them to is a concession that they should be sanctioned and a violation of Rule 45(d)(1). He points out the myriad opportunities they had to withdraw the subpoena they acknowledge was improper, including even after the motion to quash was filed, but they failed to do so. Moreover, as noted by this Court in the prior order, they failed to even file opposition to the motion as directed. Dain contends that all of the foregoing demonstrates that Black and Schaalman intentionally issued an invalid subpoena for an improper purpose and thus they should be sanctioned.

Finally, Dain points out that because Black and Schaalman fail to object to the imposition of sanctions in the amount indicated, as permitted by the prior order, the full amount requested should be ordered. Dain further states that the sanctions should be apportioned jointly and severally between Black and Schaalman because they concede in their response that it was a joint decision to send the improper subpoena to Dain when they wrote "So, even though discovery was closing on September 14, 2018, Black and Schaalman decided to send Dain another subpoena…" (*Id*. at 10)

In his original moving papers, Dain argued that Black and Schaalman should be sanctioned for the amount of time he spent responding to the subpoena at his present hourly rate of $975. Dain provided that he has been practicing law for 38 years, is presently the team leader of the Intellectual Property Litigation Team at his law firm, is a

7

federally certified patent lawyer and state certified appellate specialist with a very busy practice. He stated that he was forced to take critical time away from his practice to research and prepare the instant motion, which totaled 12.9 hours. Including the filing fee of $400 and the service fee of $300, Dain requested a total sanction in the amount of $13,277.50. In his reply papers, Dain provided that he spent an additional 2.1 hours drafting the reply. Thus, he revised his request for sanctions to the total amount of $15,025.

As noted above, in their responsive papers Black and Schaalman did not specifically address the amount of the sanction requested other than to argue that this Court should not impose any sanction.

**DISCUSSION**

**Rule 45 Sanctions**

As discussed at length in this Court's prior Order dated April 26, 2019 (ECF No. 7), Rule 45 states that a party or attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Rule 45(d)(1), *see Mount Hope Church v. Bash Back!*, 705 F.3d 418 (9th Cir. 2012), *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,* 161 F.R.D. 86 (N.D. Cal. 1995). "When enforcing, courts have discretion over the type and degree of sanction imposed. Payment of opposing counsel's attorneys' fees is one form of permissible sanction." *Mount Hope Church v. Bash Back!*, *supra* at 425.

"'Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party.... [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party.' *United States v. C.B.S.,* 666 F.2d 364, 371–72 (9th

Cir.1982) Notably, "courts have interpreted Rule 45(d)(1) sanctions as applying primarily to reimburse a non-party's costs incurred in *complying* with a subpoena, not merely litigating a motion to quash. *See Mount Hope Church*, 705 F.3d at 427 ('Our only Rule 45 [ ] sanction-specific case interprets 'undue burden' as the burden associated with compliance .... The burdens of complying with the subpoena are the ones that count.' (citation omitted)); *see also Mattel, Inc.*, 353 F.3d at 813-14." *Fujikura Ltd. v. Finisar Corp.*, No. 15MC80110HRLJSC, 2015 WL 5782351, at *8 (N.D. Cal. Oct. 5, 2015) "Thus, under *Mount Hope Church,* greater emphasis is placed on the recipient's burden than on the issuer's motive. *Id.* at 428–29." *In re Morreale Hotels LLC*, 517 B.R. 184, 193 (Bankr. C.D. Cal. 2014)

It has been held that "'[w]hen a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1).'" *CareToLive v. von Eschenbach*, No. 2:07-CV-729, 2008 WL 552431, at 3 (S.D. Ohio Feb. 26, 2008), *quoting Builders Ass'n of Greater Chicago v City of Chicago*, supra at 4 (N.D. Ill. May 13, 2002), *see also Molefi v Oppenheimer Trust*, Case No. 03-CV-5631(FB)(VVP), 2007 WL 538547 (E.D.N.Y. Feb. 15, 2007). Other courts have declined to follow that interpretation, finding that the mere fact that a subpoena was ultimately quashed does not, standing alone, require the imposition of sanctions (*see, eg, Alberts v. HCA Inc.,* 405 B.R. 498, 502–03 [D.D.C. 2009], *Scherer v. GE Capital Corp.,* 185 F.R.D. 351, 352 [D. Kan. 1999]), but "[a] court may, however, impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Legal Voice v. Stormans Inc.,* 738 F.3d 1178, 1185 (9th Cir. 2013), *citing Mount Hope Church v. Bash Back!*, supra at 425, 428, *Mattel Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 814 (9th Cir.2003).

In determining whether to impose Rule 45 sanctions, the Court employs a two-step process by which it first determines whether the subpoena at issue imposed an undue burden and, if so, what, if any "reasonable steps" the party who served the subpoena took

to avoid imposing such a burden. *Molefi v Oppenheimer Trust*, *supra* at 2. Similar to the instant matter, in *Molefi*, the court found that undue burden existed "by the mere fact that [the subpoenaed party], a non-party, had to, and did, expend time and money contesting a patently frivolous and procedurally flawed subpoena…" *Id* at 3. Here, this Court previously found that "'[t]here can be little dispute then that the subpoenas here imposed an undue burden on [Dain].' *CareToLive v. von Eschenbach*, *supra* at 3." (ECF No. 7 at 13)

In analyzing the next prong of the analysis, this Court also found that Black and Schaalman took no reasonable steps to avoid imposing a burden on Dain and rather "it appears that 'the whole point of the subpoena was to impose such a burden on [Dain].' *Molefi*, *supra* at 3." (ECF No. 7 at 12-13) This Court further noted that they ignored the Court order setting a briefing schedule, failing to even respond to the motion.

This Court found that "sanctions against Black and/or Schaalman appear to be appropriate in this case" because "'sanctions are appropriate if the subpoenaing party fails to take reasonable steps to avoid imposing an undue burden on a third party.' *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995)" and "'sanctions are properly imposed and attorneys' fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash.'" *Quoting Night Hawk Ltd. v. Briarpatch Ltd., L.P.,* No. 03 CIV.1382 RWS, 2003 WL 23018833, at 9 (S.D.N.Y. Dec. 23, 2003); *see also United States v. C.B.S.,* 666 F.2d 364, 371–72 (9th Cir.1982). (ECF No. 7 at 13)

This Court additionally found that while bad faith is a sufficient but not necessary ground for sanction, Black and Schaalman's actions in this matter raised the issue of bad faith. *Citing Mount Hope Church v. Bash Back!, supra*, *In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* No. 09-CV-01967 CW NC, 2012 WL 4846522, at 2 (N.D. Cal. Aug. 7, 2012). (ECF No. 7 at 13-14) However, the Court declined to make a finding of bad faith at that time, providing Black and Schaalman with one last opportunity to address the issue.

"Because Rule 45(c)(1) gives 'specific application' to Rule 26(g), it follows that a violation of any one of the Rule 26 duties will be relevant to assessing propriety of sanctions under Rule 45(c)(1)'s 'undue burden' language. This approach is consistent with the interpretation of other courts." *Id.* at 425, *citing Builders Ass'n of Greater Chi. v. City of Chi.,* 215 F.R.D. 550 (N.D. Ill. 2003).

**Rule 26 Sanctions**

Fed. R. Civ. P 26(g) provides that:

"Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented…By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry… with respect to a discovery request, response, or objection, it is:
    (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
    (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
    (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
 …(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g).

"Per the terms of Rule 26(g)(3), violation of any one of these duties without substantial justification results in sanctions." *Mount Hope Church v. Bash Back!*, *supra* at 425. This Court also found that Schaalman's actions implicated Rule 26(g) in that the subject subpoena appeared to have been imposed for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," was unreasonable and unduly burdensome (Fed. R. Civ. P. 26[g][1][B][ii],[iii]), and that "Dain may be entitled to an appropriate sanction which 'may include an order to pay the

1 reasonable expenses, including attorney's fees, caused by the violation.' Fed. R. Civ. P.
2 26(g)(3), *see R & R Sails Inc. v. Ins. Co. of State of PA,* 251 F.R.D. 520, 527 (S.D. Cal.
3 2008)". (ECF No. 7 at 14)

Based on the foregoing, Plaintiff Katherine Black and her former attorney, Michael H. Schaalman were ordered to show cause as to why an order imposing sanctions should not be entered against them for service of the improper subpoena upon non-party Anthony J. Dain and the failure to withdraw same.

**Analysis**

For the reasons discussed in this Court's prior order and herein, there is no question that the service of the subpoena here imposed an undue burden on Dain as defined by statutory and case law. Black and Schaalman also issued the subpoena in a manner inconsistent with existing law, entitling Dain to an award of sanctions. *See Legal Voice v. Stormans Inc., supra*, *Mount Hope Church v. Bash Back!*, *supra* at 425, 428, *Mattel Inc. v. Walking Mountain Prods., supra*. In addition, their failure to withdraw the improper subpoena also entitles Dain to sanctions. *See Night Hawk Ltd. v. Briarpatch Ltd., L.P., supra.* Furthermore, Schaalman violated Rule 26(g) because the subpoena he signed was not warranted by existing law, was unreasonable and unduly burdensome. Fed. R. Civ. P. 26(g)(1)(B)(i),(iii).

First, Black and Schaalman chose to serve a subpoena that they knew and admit was defective. Second, they chose not to withdraw the subpoena after repeated requests and admonitions from Dain. In addition, they failed to withdraw the subpoena even after the instant motion was filed and this Court directed them to file opposition papers, which they also failed to do. As an experienced attorney who has been practicing since at least the 1980s, Schaalman should have known better. Black and Schaalman's responsive papers do not demonstrate that their actions were substantially justified. If they felt that Dain's prior document production was insufficient, they could have met and conferred and sought court intervention by way of a motion or a conference call with the Court. *See generally* Fed. R. Civ. P. 37. Instead of doing so, they chose to serve a facially

defective subpoena on the closing date of discovery.

Black and Schaalman concede that "Dain responded immediately to the service of the September 14 subpoena" (ECF No. 11 at 5), detailing his many stated objections over the ensuing three days, yet they provide no justification for their failure to simply withdraw the defective subpoena upon his many entreaties. Their only defense to their failure to withdraw the subpoena is their claim that after Dain stated his objections to the subpoena, they "had the option to file a motion to compel or to let their subpoena lapse by failing to give Dain notice of their intent to file a motion to compel." *Id*.

Black and Schaalman are correct that having objected to the subpoena, Dain was not required to produce documents until Black obtained an order directing compliance. *See Pennwalt Corp. v Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983). "A nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." *In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014), *see also Aspen Grove Owners Ass'n v. Park Promenade Apartments, LLC,* No. C09-1110-JCC, 2010 WL 3431155, at *2 (W.D. Wash. Aug. 13, 2010), *report and recommendation adopted*, No. C09-1110-JCC, 2010 WL 3431150 (W.D. Wash. Aug. 27, 2010). However, after receiving Dain's repeated objections to the subpoena and warnings that he would be filing a motion to quash, Black and Schaalman responded with radio silence – leaving him with no choice but to file the motion. Notably, they proceeded with personal service of the subpoena after receiving Dain's objections, which indicates an intention to pursue the subpoena. Had they simply withdrawn the subpoena after Dain's first objection, the motion could have been avoided. Moreover, the subpoena could not have "lapsed" because it failed to provide a date and time for compliance.

As such, Black and Schaalman have failed to adequately explain their refusal to withdraw the subpoena after they had several opportunities to do so, before and after the motion to quash was filed. Thus, their actions appear to have been motivated by

gamesmanship rather than adherence to the Federal and Local Rules. This is further illustrated by their decision to personally serve the defective subpoena on the general counsel of Dain's law firm when they previously served him at his home address. There simply is no explanation or substantial justification for Black and Schaalman's actions. For the foregoing reasons, Dain is entitled to an award of sanctions.

As stated previously, a finding of bad faith is not necessary to impose an award of sanctions and the Court is not making such a finding here.

However, since Dain has not represented that he took any steps toward complying with the subpoena and the bulk of his request for sanctions relates to his time researching and drafting the motion to quash, this Court declines to award sanctions in the total amount requested. *See Fujikura Ltd. v. Finisar Corp., supra*; *Mount Hope Church v. Bash Back!, supra*. The Court nonetheless finds it proper to award him some sanctions reflecting the time he spent preparing the motion and reimbursing him for his actual costs pursuant to *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,* discussed further *infra*.

"Courts imposing a sanction of attorneys' fees under Rule 45(c)(1) have often granted sanctions equaling most if not all of the attorneys' fees sought. *See, e.g., Am. Int'l Life Assur. Co. v. Vasquez,* Case No. 02 Civ. 141(HB), 2003 WL 548736, at *3 (S.D.N.Y. Feb. 25, 2003) (concluding that a sanction in the amount of $ 4,436.00, representing "much of" the subpoenaed individual's fees and costs, was appropriate where the subpoena was improperly issued and the issuing party refused to withdraw it); *Liberty Mutual Ins. Co. v. Diamante,* 194 F.R.D. 20, 23 (D. Mass.2000 (same); *Batture Fleet, Inc. v. Browner,* Case No. 00 Civ. 205, 2000 WL 748093, at *2 (E.D.La. Jan. 8, 2000) (same)." *CareToLive v. von Eschenbach*, *supra* at 4.

"In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court adopted the lodestar method for calculating attorneys' fee awards. A court determines the lodestar by multiplying the number of hours reasonably expended on a particular motion by a reasonable hourly rate." *Ronald McAllister, et al. v. The St. Louis Rams, LLC. Additional*

*Party Names: Legends Hosp., LLC,* No. 2:17-MC-157-AB (KSX), 2018 WL 6164281, at 3 (C.D. Cal. July 2, 2018). "A party seeking attorneys' fees must provide 'satisfactory evidence ... that the requested rates are in line with those prevailing in the community [.]' A declaration regarding the prevailing rate in the relevant community is sufficient to establish a reasonable hourly rate. 'When a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, however, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community.'" *Id* at 3 (internal citations omitted).

    The cases cited above involved parties who were represented by counsel and therefore the sanctions awarded were in the form of attorney's fees they actually incurred. Here, Dain is an attorney who is representing himself pro se, so it cannot be said that he actually incurred any attorney's fees. Dain's request is a hybrid of lost earnings and attorney's fees since he claims the time spent on this case took time away from his law practice and he lost earnings as a result. However, he fails to provide proof of any lost earnings. Dain seeks an award of sanctions in the amount of his hourly billing rate of $975.00, multiplied by 15, the total number of hours he spent responding to the facially invalid subpoena. After including filing fees, Dain requests a total sanction in the amount of $15,025. Black and Schaalman do not specifically oppose the amount of sanctions requested by Dain, nor do they assert that the hourly rate is unreasonable.

    The Court acknowledges that awards of monetary sanctions pursuant to Fed. R. Civ. P. 37 are specifically limited to the payment of "reasonable expenses, including attorney's fees, caused by the failure" to comply with that section…" (Fed. R. Civ. P. 37[b][2][C]) and as a result several courts deciding motions requesting Rule 37 sanctions have held that "[w]ith respect to pro se litigants, including those that are licensed attorneys, the general rule is that attorneys' fees are not a payable 'expense' under Rule 37 'as there is no direct financial cost or charge associated with the expenditure of one's own time.'" *Surowiec v. Capital Title Agency, Inc.,* 790 F. Supp. 2d 997, 1011 (D. Ariz. 2011), *citing Pickholtz v. Rainbow Techs., Inc.,* 284 F.3d 1365, 1375 (Fed.Cir.2002);

*Fosselman v. Gibbs,* No. CV 06–00375 PJH (NJV), 2010 WL 1446661, at *1 (N.D.Cal. Apr. 7, 2010); *Kay v. Ehrler,* 499 U.S. 432, 438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (licensed attorney proceeding pro se not entitled to an award attorneys' fees).

For the following reasons, the Court finds that the restriction as to awarding sanctions to pro se attorneys under Rule 37 does not apply to those requests under Rule 45 and therefore Dain may obtain such an award here. As stated above, Rule 45 provides that the court must "impose an appropriate sanction—which *may* include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *See* Rule 45(d)(1)(emphasis added). The 2013 amendments to Rule 45 moved and modified the provisions formerly in subdivision (c) to subdivision (d).

"The text of Rule 45(c)(1), adopted in 1991, provide[d]:

> … The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, *but is not limited to*, lost earnings and a reasonable attorney's fee."

*Watson v. State of Montana,* No. CV-04-16-H-CSO, 2006 WL 2095420, at 2 (D. Mont. July 27, 2006)(emphasis added).

The current version of Rule 45 removed the words "but it not limited to" italicized above. However, the Court finds that the current version of Rule 45 still does not limit sanctions awards to only lost earnings or reasonable attorney's fees as Rule 37 does. In any event, sanctions are further warranted under Rule 26 which states that "…The sanction *may* include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3)(emphasis added). Similar to the analysis of Rule 45, the Court finds that Rule 26 also does not limit sanctions awards to only lost earnings or reasonable attorney's fees.

In *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc., supra,* a third-party law firm (plaintiff's former patent counsel) sought Rule 45 sanctions against a defendant for failing to take reasonable steps to avoid imposing an undue burden on it in connection with complying with a third-party subpoena. The District Court found that it

was "entirely reasonable" under Rule 45 to award fees at the law firm staff's normal billing rate. *Id* at 89. The *High Tech* court further awarded the firm the fees it incurred in pursuit of the sanctions motion, finding such an award to be permitted as set forth in the Advisory Committee Notes to Rule 45. Notably, the *High Tech* court rejected the defendant's argument that the third-party law firm should only recover its actual costs of complying with the subpoena and not the profit margin included in the billing rates. The court noted that the firm produced more than 700 pages of documents in response to the subpoena and prepared a privilege log.

The Court exercises its discretion and finds that a sanction in the amount of $5,000 is reasonable for the circumstances surrounding the defective subpoena here, the time required to prepare the instant motion and the Court's knowledge of prevailing rates in the San Diego legal market. This sum also includes the filing fees and service costs Dain incurred in connection with the motion. In arriving at this figure, the Court considers the fact that Dain does not claim that he spent any time complying with the defective subpoena. As stated above, precedent in the 9th Circuit places a greater emphasis on the recipient's burden in complying with the subpoena rather than the issuer's motive in serving it. *See Mount Hope Church v. Bash Back!, supra, Fujikura Ltd. v. Finisar Corp., supra, In re Morreale Hotels LLC*, *supra*. The Court also takes into account that in *High Tech, supra*, in contrast to this case the firm spent significant time responding to the subpoena in addition to preparing the motion to quash.

As such, the motion for an award of sanctions is **GRANTED IN PART.** Movant Anthony J. Dain is awarded sanctions in the amount of $5,000, to be paid jointly and severally by Katherine Black and her counsel, Michael H. Schaalman. Black and Schaalman are directed to pay the sum of $5,000 to Dain on or before July 31, 2019.

**IT IS SO ORDERED.**

Dated: June 28, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge